FILED
CLERK
3/31/2021 2:36 pm
For Online Publication Only
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MAUREEN KARPILOVSKY,

                Plaintiff,

     -against-

NASSAU SUFFOLK HOSPITAL COUNCIL, INC.

                Defendant.
----------------------------------------------------------------X

**ORDER**
20-CV-6399 (JMA)

**AZRACK, United States District Judge:**

Before the Court is the in forma pauperis application filed by Maureen Karpilovsky ("Plaintiff"). (ECF No. 4.) For the reasons that follow, the application to proceed in forma pauperis is denied without prejudice and with leave to renew upon completion of the AO 239 Long Form in forma pauperis application ("Long Form") attached to this Order. Alternatively, Plaintiff may remit the $402.00 filing fee.

To qualify for in forma pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed in forma pauperis is to ensure that indigent persons have equal access to the judicial system. Davis v. NYC Dept. of Educ., 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing Gregory v. NYC Health & Hospitals Corp., 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for in forma pauperis status is within the discretion of the district court. DiGianni v. Pearson Educ., 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Choi v. Chemical Bank, 939 F. Supp. 304, 308 (S.D.N.Y. 1996)).

The court may dismiss a case brought by a plaintiff requesting to proceed in forma pauperis if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff reports that she is employed and earns net bi-weekly wages in the amount of $996.12. (See Docket Entry 4 at ¶ 2.) Plaintiff also reports having $75.00 in cash or in a checking or savings account. (Id. at ¶ 4.) Although Plaintiff indicates that her "husband has a fixed income", she does not include the amount. (Id. at ¶ 3.) Plaintiff reports regular monthly expenses that total $3,472.00 and credit card debt in the amount of $19,000. (Id. at ¶¶ 6, 8.) Plaintiff also reports that she helps support her adult son, but does not provide any financial information concerning that support. (Id. at ¶ 7.)

Given the incomplete responses provided by Plaintiff, her application is denied without prejudice and with leave to renew upon completion of the Long Form application enclosed with this Order within twenty-one (21) days from the date of this Order. Alternatively, Plaintiff may remit the $402.00 filing fee. Plaintiff is warned that a failure to timely comply with this Order may lead to the dismissal of the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

Dated:   March 31, 2021
         Central Islip, New York

                                          /s/ (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE